# United States Court of Appeals for the Fifth Circuit

_____

No. 24-60196
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
November 22, 2024

Lyle W. Cayce
Clerk

United States of America,

               *Plaintiff—Appellee*,

*versus*

Donald Rydell,

               *Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:09-CR-5-6

_____

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

 Donald Rydell, federal prisoner # 15173-043, is serving a 43-month sentence of imprisonment, which was imposed based on his conviction of conspiring to commit bank fraud. In the instant matter, Rydell appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. He contends that the district court erred in determining that he failed to

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

prove extraordinary and compelling circumstances warranting compassionate release. Rydell also argues that the district court abused its discretion in determining that the 18 U.S.C. § 3553(a) factors weighed against a grant of compassionate release. We review the denial of a § 3582(c)(1)(A)(i) motion for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Turning first to Rydell's challenge to the district court's decision to deny compassionate release based on the § 3553(a) sentencing factors, we conclude that, in view of Rydell's criminal conduct in a January 2008 incident which led to convictions of carjacking, robbery, and eluding law enforcement officers in an unsafe manner, as well as other previous convictions that adversely affected the public, Rydell has not shown that the district court clearly erred in determining that there was a need to protect the public from his future criminality, as contemplated by § 3553(a)(2)(C). *See United States v. Rollins*, 53 F.4th 353, 360 (5th Cir. 2022). With regard to Rydell's contention that the district court abused its discretion in determining that his rehabilitation did not warrant a reduction in his sentence, we note that the district court expressly determined that any rehabilitation by Rydell would not outweigh its concerns with promoting respect for the law, protecting the public, and providing adequate deterrence. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). Rydell's contentions amount to a mere disagreement with the district court's balancing of the § 3553(a) factors, which is insufficient to show an abuse of discretion in the denial of a compassionate release motion. *See Chambliss*, 948 F.3d at 694.

Because Rydell fails to show that the district court abused its discretion in denying his motion for compassionate release based on its assessment of the § 3553(a) factors, we do not reach his arguments concerning the district court's determination that he failed to establish extraordinary and compelling reasons warranting a reduction of his sentence.

No. 24-60196

*See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Chambliss*, 948 F.3d at 693.   The decision of the district court is AFFIRMED.